Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Attorneys for MATTHEW THORNTON,
Individually and On Behalf of All Other Persons
Similarly Situated

Additional Counsel Appear on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW THORNTON, Individually and On Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARRIER IQ, INC. and APPLE, Inc.,<br><br>Defendants. | Civil Action No. CV 11-06640<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. § 2511<br><br>2. VIOLATION OF THE BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.<br><br>**DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## NATURE OF ACTION

1. Plaintiff, Matthew Thornton, by and through the undersigned counsel, individually and on behalf of the Class of others similarly situated, brings this action against defendants Carrier IQ, Inc. ("CIQ") and APPLE, Inc. ("Apple") (collectively, "Defendants"), seeking damages and injunctive relief for the proposed Class as defined herein.

2. This action is brought to remedy the violations of applicable law in connection with CIQ software embedded in cellular devices manufactured by Apple which, unbeknownst to the consumer, intercepts, logs and transmits to third parties the consumer's keystrokes, including, but not limited to, sensitive security passwords, email account information, credit card and banking information, and instant messaging content. In addition to violating the consumers' privacy rights, the embedded CIQ software, which cannot be turned off, impedes the functionality of the iPhone and drains battery life. As a result, consumers' iPhones are not performing at the optimum levels, and battery life is being diminished, as a result of the covertly embedded CIQ software.

3. Plaintiff, and numerous similarly situated consumers have purchased the Apple iPhone which at all relevant times prior to October 2011 has been embedded with the CIQ software.

4. Plaintiff asserts claims on behalf of himself and a nationwide class for violation of the Federal Wiretap Act, as amended by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* (the "Wiretap Act"). Plaintiff also asserts a claim on behalf of himself and all similarly situated California residents for violation of the Business and Professions Code § 17200 *et seq.*

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the Federal Wiretap Act. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367(a).

6. Venue is proper in this District inasmuch as Defendants reside in and do business throughout this District and a substantial part of the events or omissions giving rise to Plaintiff's claims took place within this District.

## THE PARTIES

7. Plaintiff is a resident of California. Plaintiff purchased an Apple iPhone 3G, model number 5K11171JY7H, in or around May 2009.

8. Defendant Carrier IQ, Inc. ("CIQ") is a Delaware corporation with its headquarters located in Mountain View, California. CIQ is a provider of Mobile Service Intelligence services.

9. Defendant Apple, Inc. ("Apple") is a California corporation based in Cupertino, California which manufactures computers and other electronic devices, including the Apple iPhones purchased by Plaintiff and the other members of the Class.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated in the United States who purchased the Apple iPhones prior to October 2011 on which the CIQ software was installed or embedded ( the "Class"). Excluded from the Class are Defendants and Defendants' officers, directors and employees. This class action seeks injunctive relief pursuant to Rule 23(b)(3).

11. The members of the Class are so numerous and geographically dispersed throughout the United States that joinder of all members is impracticable. According to its website, as of November 30, 2011, CIQ has embedded its software on approximately 141 million cellular devices. The exact number of Class members and their addresses can be determined through appropriate discovery.

12. Common questions of law and fact exist as to all members of the Class

-3-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and predominate over any questions affecting solely any individual members of the Class, including the following:

      (a)    whether the CIQ software embedded on the Apple iPhones purchased by Plaintiff and the other members of the Class has intercepted and/or transmitted the SMS (text) messages, keystrokes, passwords, and other personal communications of Plaintiff and the other members of the Class;

      (b)    whether Defendants intercepted and transmitted, or caused to be intercepted and transmitted, the personal communications of Plaintiff and the other members of the Class without their knowledge or consent ;

      (c)    whether Defendants' actions in embedding and using the CIQ software violated the Federal Wiretap Act;

      (d)    whether Defendants failed to disclose material information about the CIQ software to Plaintiff and the other members of the Class ;

      (e)    whether the embedded CIQ software impedes functionality of the iPhone and drains battery life;

      (f)    whether Defendants violated the California Unfair Competition Law, the California Business and Professions Code § 17200 *et seq.*;

      (g)    whether Defendants have unlawfully profited from their acts relating to the CIQ software and whether they must disgorge profits to Plaintiff and the other members of the Class; and

      (h)    whether Plaintiff and the other members of the Class are entitled to statutory and/or actual damages, and the proper measure thereof, civil penalties, punitive damages, restitution and/or declaratory or injunctive relief.

13.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has the same interests as the other Class members.

14.    Plaintiff will fairly and adequately represent and protect the interests of

the Class. Plaintiff has retained able counsel with extensive experience in breach of contract, consumer fraud and class action litigation. The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other Class members.

15. Defendants' misconduct alleged in this Complaint is generally applicable to, and indeed, directly affects, the entire Class. Accordingly, final injunctive relief with respect to the Class as a whole is appropriate and warranted.

16. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for defendant.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiffs will encounter no undue difficulty in managing this action as a class action.

## SUBSTANTIVE ALLEGATIONS

18. Defendant CIQ provides software which is embedded on cellular devices, including, but not limited to, the Apple iPhone. CIQ promotes to cellular carriers and device manufacturers as a means to gather end user information in order to improve end-user experience on cellular devices. In violation of the Federal Wiretap Act, CIQ software transmits to third parties the end user's keystrokes, including sensitive information such as security passwords, credit card information, and banking numbers, as well as the content of instant text messages.

19. At all relevant times, Defendant Apple was aware, but failed to

-5-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

disclose to consumers, that the CIQ software was embedded on the Apple iPhones. In or around October 2011, Apple stopped the practice of embedding the CIQ software on its mobile operating systems for the iPhones. Apple has admitted to the use of CIQ software in its products prior to the release of its most current mobile operating system, iOS 5, for the Apple iPad, iPhone and iPod on or around October 4, 2011, stating, "We stopped supporting Carrier IQ with iOS 5 in most of our products and will remove it completely in a future software update.

20. In November 2011, Tevor Eckhart, a software developer and blogger, published on the internet his discovery of the embedded CIQ software on his HTC brand smartphone cellular device.[1] Mr. Eckhart classified the CIQ software as "rootkit" or "software that enables continued privileged access to a computer while actively hiding its presence from administrators by subverting standard operating system functionality or other applications." (See Wikipedia).

21. Mr. Eckhart reported that the CIQ software embedded on his cellular device was nearly impossible to detect Indeed, the CIQ software provided no notice of its presence and operations to the end user. Moreover, according to Mr. Eckhart, the CIQ software was capable of tracking, logging and transmitting his every key stroke. The CIQ software also was virtually impossible to deactivate.22. On or around November 28, 2011, Mr. Eckhart published an update of his analysis of the CIQ software.[2] This update included a 17 minute video which demonstrated how the CIQ software logged Mr. Eckhart's key strokes, recorded his SMS (text) messages, recorded numbers which he dialed, and tracked his internet use, including his access to secure websites.

---

[1] See http://androidsecuritytest.com/features/logs-and-services/loggers/carrieriq/.

[2] See http://andoridsecuritytest.com/features/logs-and-services/loggers/carrieriq/carrieriq-part2/

-6-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

23. Commenting on Mr. Eckhart's discovery, Russell Holly, a reporter for Geek.com, wrote:

> [Eckhart] demonstrates that nowhere in the startup does any mention of Carrier IQ. There's nothing indicating that this software exists on the phone. When the applications are discovered, the ability to shut the apps down the same way you would any other app in Android has been circumvented. So, you now have a series of applications that you have to be extremely knowledgeable to find, and when you do find them the cannot be turned off.

24. Also commenting on Mr. Eckhart's discovery of the embedded CIQ software was Andy Greenberg, a reporter for *Forbes*, who wrote:

> As Eckhart's analysis of the company's training videos and debugging logs on his own HTC Evo handset have shown, Carrier IQ captures every keystroke on a device as well as location and other data, and potentially makes that data available to Carrier IQ's customers.

25. On November 30, 2011, the United States Senate Committee on the Judiciary wrote a letter to CIQ, demanding immediate responses to questions concerning the CIQ software embedded on mobile phone devices and indicating that CIQ's actions "may violate federal privacy laws."

26. Tim Schofield, an Android developer who has researched the presence of the CIQ software on multiple Android smartphone platforms, indicated that in addition to raising privacy concerns, the embedded CIQ software degrades the performance of any device on which it is installed. Indeed, because the CIQ software is always operating and cannot be turned off, it necessarily uses system

resources. As a result, the CIQ software slows the performance of the mobile phone devices and diminishes battery life.

27. At all relevant times since May 2009, Plaintiff has owned and used an Apple iPhone 3G operating on the AT&T mobile network. Unbeknownst to Plaintiff at the time he purchased his Apple iPhone, the CIQ software is embedded on Plaintiff's Apple iPhone. Plaintiff regularly sends and receives SMS (text) messages on his Apple iPhone, accesses secured websites, inputs sensitive security passwords and email account information, regularly transmits credit card and banking information, transfers funds, and makes payment of his credit card bills using the applications on his Apple iPhone. As a result of the acts of CIQ and Apple, Plaintiff's private and personal communications have been intercepted and transmitted to third parties without his knowledge or consent. In addition, because the CIQ software is always operating and cannot be disabled, Plaintiff has not been able to use his Apple iPhone at optimum performance levels.

## COUNT I

### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511

28. The allegations contained in each paragraph set forth above in this Complaint are realleged and incorporated by reference as if fully set forth herein.

29. The Federal Wiretap Act, as amended by the Electronic Communications Privacy Act of 1986, prohibits the willful interception of any wire, oral or electronic communication.

30. 18 U.S.C. § 2520(a) provides a private rights of action to any person whose wire, oral or electronic communication is intercepted.

31. Defendants intentionally and wilfully placed CIQ software on the Apple iPhones purchased by Plaintiff and the other members of the Class and through the embedding of this software, Defendants intentionally and wilfully intercepted, endeavored to intercept, or procured others to intercept or endeavor to intercept the

-8-

wire and/or electronic communications of Plaintiff and the other members of the Class. In addition, through the embedding of the CIQ software, Defendants have intentionally disclosed, or endeavored to disclose, to other persons the contents of the wire and/or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications, as set forth in 18 U.S.C. § 2511(1)(c).

32. At the time of purchase, and at all relevant times thereafter until on or around late November 2011, Plaintiff and the other members of the Class were not aware that Defendants had placed the CIQ software on their Apple iPhones and did not consent to the placement of the CIQ software on their Apple iPhones.

33. Pursuant to 18 U.S.C. § 2520, Plaintiff and the other members of the Class are entitled to and seek relief, including preliminary, equitable and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees and disgorgement of any profits earned by Defendants as a result of the above-described violations.

### COUNT II

### Violation of The Business and Professions Code § 17200 *et seq.*

34. Plaintiff asserts this cause of action on behalf of himself and all similarly situated California residents and realleges and reincorporates by reference the allegations contained in each paragraph set forth above in this Complaint as if fully set forth herein.

35. Defendants have engaged in unfair, unlawful or fraudulent business practices as set forth above in violation of the California Business and Professions Code § 17200 *et seq.*

36. Defendants' act and practices have deceived and/or are likely to deceive the members of the consumer public and the Class by covertly embedding the CIQ

software in the Apple iPhones without the consumer's knowledge or consent, by making the following material omissions: failing to disclose to consumers the presence and constant operation of the CIQ software, failing to disclose to consumers that the CIQ software was capable of and did intercept and transmit the consumers' personal, private communications and keystrokes entered on the Apple iPhone, and failing to disclose that the CIQ software diminished the performance and battery life of the Apple iPhones on which is was embedded.

37. Defendants' actions were unlawful business practices under the California Business and Professions Code § 17200 *et seq.* because they violate the Federal Wiretap Act, 18 U.S.C. § 2511 and the California Consumer Protection Against Spyware Act, Cal. Bus. & Prof. Code §§ 22947-22947.6.

38. The injury to consumers by this conduct is greatly outweighed by any alleged countervailing benefit to consumers or competition under all of the circumstances. Moreover, in light of Defendants' exclusive knowledge that the CIQ software was embedded on the Apple iPhones at the time of purchase, the injury is not one that Plaintiff and other similarly situated California consumers could have reasonably avoided.

39. Plaintiff and the Class were injured in fact and lost money as a result of Defendants' unlawful, unfair or fraudulent acts in violation of the California Business and Professions Code § 17200 *et seq.* because they did not receive the optimum performance level and battery life of their Apple iPhones as a result of the embedded CIQ software which is constantly operating and cannot be disabled.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as representatives of the Class under Rule 23 of the Federal Rules of Civil Procedure;

|    |     |                                                                                 |
|----|-----|---------------------------------------------------------------------------------|
| 1  | (b) | Ordering preliminary or other equitable or declaratory relief as may            |
| 2  |     | be appropriate;                                                                 |
| 3  | (c) | Awarding Plaintiff and the Class members actual damages and/or                  |
| 4  |     | statutory damages;                                                              |
| 5  | (d) | Awarding Plaintiff and the Class members costs and disbursements                |

(b)   Ordering preliminary or other equitable or declaratory relief as may be appropriate;

(c)   Awarding Plaintiff and the Class members actual damages and/or statutory damages;

(d)   Awarding Plaintiff and the Class members costs and disbursements incurred in connection with this action, including reasonable attorneys' and experts' fees, and the expenses incurred in prosecuting this action; and

(e)   Granting pre-judgment interest and such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: December 23, 2011                         KIESEL BOUCHER LARSON LLP

By: *Paul Kiesel* (signature)

Paul R. Kiesel
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Tel: 310.854.4444

GISKAN SOLOTAROFF
ANDERSON & STEWART LLP
Oren Giskan
Catherine E. Anderson
David Feige
11 Broadway – Suite 2150
New York, NY 10004
Tel: 212.847.8315

BONI & ZACK LLC
Michael Boni
15 St. Asaphs Road
Bala Cynwyd, PA 19004

-11-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Tel:  610.822.0200

*Counsel for Plaintiff and the proposed Class*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF